UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

LAZARO CRIBEIRO : DOCKET NO. 2:14-CV-3446-PM-KK

VS. : JUDGE PATRICIA MINALDI

COMBINED ANTI-DRUG TEAM,
ET AL. : MAGISTRATE JUDGE KAY

### MEMORANDUM IN OPPOSITION TO MOTION TO CHANGE THE VENUE AND THE JUDGE

Inmate Lazaro Cribeiro Perez, plaintiff herein, has filed an objection, claiming that this court is an improper venue for the suit he filed. He fails to state a reason, related to venue, as to why this court should transfer this case to another court, but does suggest that the New Orleans area would be suitable. As you read the plaintiff's objection and the reasons given, it is clear his arguments are geared more toward a recusal motion than that of a change of venue. However, to be thorough, we will briefly discuss both aspects of the objection.

**VENUE**

The requirement of venue sets the appropriate federal districts in which a case should be heard. The venue requirements are in addition to those associated with jurisdiction. The court in *U.S. ex rel. Rudick v. Laird, 412 F.2d 16,20 (2d Cir. 2011)* explained that jurisdiction must be established over the subject matter and the individuals involved before a party properly gets to the issue of

venue.  Since there has been no objection to jurisdiction by inmate Perez, it is safe for defendant(s) to address venue directly.

In federal court, the only venue requirements that should be considered are those set by congress. *Leroy v. Great western United Corp., 443 U.S. 173,184, 99 S.Ct. 2710, 61 L. Ed. 2d 464 (1979)*

*28 U.S.C. § 1391* is the "general" venue article in Code of Civil Procedure. This article, states in part, that venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

In inmate Perez's suit he alleges that his constitutional rights were violated in the Calcasieu Parish Correctional Center while he was being held in said facility.  Every constitutional violation he lists allegedly happened in Calcasieu Parish.

Based on the allegations of plaintiff's suit and the contents of *28 U.S.C. § 1391*, venue is clearly proper with this court.

**RECUSAL**

Inmate Perez asks for a change of venue, but the reason for the request is an allegation that Judge Minaldi cannot be impartial.  Specifically, inmate Perez alleges that he has sued the Combined Anti-Drug Task Force, (hereinafter referred to as "CAT") and that the Lake Charles City Police (hereinafter referred to as "LCPD") are a member of CAT.  Inmate Perez further points out that at some time in the past, Judge Minaldi was arrested by the LCPD.  Based on that arrest, and nothing else, inmate Perez suggests that he cannot receive a fair trial and asks that this matter be transferred to New Orleans where he is more comfortable things will go his way.  Inmate Perez does not allege

anything that would indicate Judge Minaldi is suspected of having a personal bias against him, but instead that she might have one against the LCPD.

28 U.S.C. § 455 outlines the basis for when a judge shall disqualify themself from handling a particular proceeding. The only portion of this article that might apply to this situation is the use of the word "reasonableness" in determining the questioning of impartiality.

The article states in part:

> *(a) Any justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.*

Defendant herein argues that plaintiff has not made any factual reference or cited legal authority that would in any way lead to a "reasonable" conclusion that Judge Minaldi might have a bias against inmate Perez.

First, if Judge Minaldi is somehow biased against the LCPD, which is categorically denied, there is no logical or legal connection to that bias in any way negatively affecting plaintiff or his cause of action. If Judge Minaldi has a concern about the LCPD, that concern would not affect plaintiff's right to a fair trial. In fact, if you take the allegation to its logical conclusion, it would be a hindrance to defendant herein, not plaintiff.

Because Judge Minaldi at one point in time had what can best be described as an unpleasant experience that involved the LCPD, it is not a blanket reason to recuse her from cases involving the LCPD. Even if it were, only the LCPD or its counsel could raise that as an issue, since they are the party that would have standing to object based on the given factual scenario.

That being said, the CAT has not been served with this suit and to the knowledge of counsel, no employee of the LCPD is named in the suit.  As of today's date, the only defendant served is CPSO Deputy Brett Broussard.  Deputy Brett Broussard does not work for the LCPD and, other than being employed in the local law enforcement community, has no real association with the LCPD.

Furthermore, the record seems to indicate that inmate Perez has never even requested that the CAT or a member of the LCPD be served with the suit.  The only parties that inmate Perez has attempted to serve are Deputy James McGee, Dr. Van Snider and Deputy Brett Broussard.

So, in essence, the party that the inmate alleges causes bias is not a party to the suit.  Additionally, even if a member of the LCPD were a party to this suit, a bias against the LCPD would not deprive inmate Perez of a fair trial.   His argument is not "reasonable" and that is what the law requires.

Deputy Brett Broussard, the only defendant herein served with this suit, through his counsel of record, asserts that, based on the allegations of plaintiff, there is no reasonable basis to question Judge Minaldi's impartiality in regard to inmate Perez or this matter in general.

**CONCLUSION**

Inmate Perez, in an attempt to have his case moved to what he believes is a more favorable jurisdiction, (remember he asks that it be transferred to New Orleans) has concocted an allegation that because of Judge Minaldi's past experiences with the LCPD she can't be fair in this case. How does the fact that a member of the LCPD arrested the Judge create a bias in favor of the LCPD?   Additionally, to the Judge's credit, she addressed the charges head on and pled to the offense.  Again, how would any of those facts make her "reasonably" inclined to be partial against inmate Perez?

This motion is simply an attempt to move this case to a jurisdiction that the plaintiff feels would better serve his interests.  Obviously, even if this motion were to be granted, the case would be reassigned in this district and not assigned to a judge in New Orleans.  However, the plaintiff did not know that when he filed his motion and the fact he makes that specific request is telling of his true intentions.

Inmate Perez did not ask for another judge who could be fair, instead he asked for a different venue which he believed would be more favorable to him; there is a big difference.

Counsel for Defendant Brett Broussard would ask that plaintiff's "Motion to Change the Venue and the Judge" be denied.

Respectfully submitted,

 */s/  Robert C. McCorquodale*
Robert C. McCorquodale
In-House Counsel
Calcasieu Parish Sheriff's Office
Bar Roll Number 19965
1011 Lakeshore Drive, Suite 203
Lake Charles, Louisiana 70601
(P. O. Box 2185, Lake Charles,
LA, 70602)
Telephone:  (337) 491-3622
Facsimile:  (337) 433-6326
E-mail:  rmccorquodale@cpso.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2016, a copy of the foregoing Memorandum in Opposition to Motion to Change the Venue and the Judge was filed electronically with the Clerk of Court utilizing the CM/ECF system and a copy of the Memorandum in Opposition to Motion to Change the Venue and the Judge served on pro se plaintiff, Lazaro Cribeiro, by mailing the same by United States Mail, postage prepaid and properly addressed, to Lazaro Cribeiro#17204-035, D. Ray James Correctional Institution, P. O. Box 2000, Folkston, Georgia, 31537.

Lake Charles, Louisiana, this 7th day of November, 2016.

/s/  Robert C. McCorquodale
Robert C. McCorquodale
In-House Counsel
Calcasieu Parish Sheriff's Office
Bar Roll Number 19965
1011 Lakeshore Drive, Suite 203
Lake Charles, Louisiana 70601
(P. O. Box 2185, Lake Charles, LA, 70602)
Telephone:  (337) 491-3622
Facsimile:  (337) 433-6326
E-mail:  rmccorquodale@cpso.com
**COUNSEL FOR DEFENDANT(S)**
**Brett Broussard, in his official capacity as**
**deputy sheriff of Calcasieu Parish Sheriff's Office**