RECEIVED
IN LAKE CHARLES, LA

DEC 22 2016

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| LAZARO CRIBEIRO | CIVIL ACTION NO. 2:14-CV-03446 |
| v. | |
| | JUDGE MINALDI |
| COMBINED ANTI-DRUG TEAM, ET AL. | |
| | MAGISTRATE JUDGE KAY |

### MEMORANDUM ORDER

Before the court is a Motion to Transfer Venue (Rec. Doc. 31) and a Motion for Recusal (Rec. Doc. 31)[1] filed by the plaintiff, Lazaro Cribeiro. Defendant Brett Broussard filed a Response (Rec. Doc. 33). For the following reasons, the plaintiff's Motions are **DENIED**.

The plaintiff argues that venue should be transferred from Western District of Louisiana Lake Charles Division to the Eastern District of Louisiana in New Orleans. He also argues that because the undersigned has dealt with the Lake Charles Police Department during a traffic violation, the undersigned cannot remain impartial and has a conflict of interest. The plaintiff's arguments have no merit.

I. **Venue**

First, venue is proper in the Western District of Louisiana Lake Charles Division. Under 28 U.S.C. § 1391, venue for a civil action is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

---

[1] Mr. Cribeiro is a *pro se* litigant. Therefore, he is entitled to a liberal construction of his filing and less stringent standards in interpreting his arguments. *Harris v. Barnhart*, 204 F. App'x 447, 448 (5th Cir. 2006) (citing *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995)). The court will consider the Motion both a change of venue motion and a recusal motion.

1

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

All the events alleged in the plaintiff's complaint occurred in Calcasieu Parish,[2] and the only defendant upon whom a summons has been executed at the very least works in Lake Charles.[3] Therefore, Lake Charles is the proper venue.

After suit is filed, venue can be changed for the convenience of the parties or in the interest of justice to another district or division where it could have been brought or to a district or division to which the parties have consented. 28 U.S.C. § 1404(a). The plaintiff does not explain how New Orleans, Louisiana would be a proper venue for the case, and the court does not believe that a venue transfer is necessary for the "interest of justice." Based on the complaint, Lake Charles and not New Orleans would be the proper venue. Also, the plaintiff has not explained why the "interests of justice" would be served better served by a different venue. Here, the plaintiff alleges no general public awareness about the facts of his case or any factors which would prevent a jury from the Lake Charles area from being impartial. Therefore, his Motion to Transfer Venue is denied.

## II. Judicial Recusal

The only explanation that the plaintiff gives for why Lake Charles is a prejudicial venue is that the undersigned has dealt with the Lake Charles Police Department during a traffic violation. This is more properly considered as a Motion for Recusal, because it challenges the impartiality of the judge and not the venue itself. Under 28 U.S.C. § 405, a judge "shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be

---

[2] Lake Charles, Louisiana is in Calcasieu Parish.
[3] Summons, (Rec. Doc. 26).

questioned." 28 U.S.C. § 455(a). The statute also lists a number of specific situations in which a judge's impartiality would be questioned and the judge should recuse herself. *Id.* at § 455(b). Merely having a previous interaction with one of the parties is not grounds to reasonably question the undersigned's impartiality. Especially considering her interaction with the Lake Charles Police Department was completely unrelated to the case at hand. Therefore, the undersigned will not recuse herself.

For the reasons explained above,

**IT IS ORDERED** that the plaintiff's Motion to Transfer Venue (Rec. Doc. 31) is **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiff's Motion for Recusal (Rec. Doc. 31) is **DENIED.**

Lake Charles, Louisiana, this 19 day of _____, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE